CNH Diversified Opportunities Master Account, L.P. v Cleveland Unlimited, Inc. (2018 NY Slip Op 04671)





CNH Diversified Opportunities Master Account, L.P. v Cleveland Unlimited, Inc.


2018 NY Slip Op 04671


Decided on June 26, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 26, 2018

Renwick, J.P., Gische, Gesmer, Kern, JJ.


650140/12 6968 6967

[*1]CNH Diversified Opportunities Master Account, L.P., et al., Plaintiffs-Appellants,
v
Cleveland Unlimited, Inc., et al., Defendants-Respondents.


Drinker Biddle & Reath LLP, New York (James H. Millar of counsel), for appellants.
Holwell Shuster & Goldberg LLP, New York (James M. McGuire of counsel), for respondents.



Judgment, Supreme Court, New York County (Saliann Scarpulla, J.), entered February 7, 2018, inter alia, dismissing the complaint pursuant to an order, same court and Justice, entered January 16, 2018, which granted defendants' motion for summary judgment dismissing the complaint and denied plaintiffs' motion for summary judgment, unanimously affirmed. Appeal from aforesaid order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The court properly dismissed plaintiffs' breach of contract claim based on section 6.07 of the parties' Indenture. A fair reading of the Indenture, Collateral Trust Agreement and Security Agreement (Agreements) demonstrates that the collateral trustee was authorized to pursue default remedies, including the strict foreclosure at issue here, if so directed by a majority of the noteholders. Section 6.07 of the Indenture, which sets forth that the holder's right to payment of principal and interest on the note, or to bring an enforcement suit, "shall not be impaired or affected without the consent of such Holder," does not supersede the numerous default remedy provisions of the Agreements, nor does it conflict with them. Section 6.07 of the Indenture, which tracks the language of section 316(b) of the Trust Indenture Act of 1939 (15 USC § 77ppp[b]) "prohibits only non-consensual amendments to an indenture's core payment terms" (Marblegate Asset Mgt., LLC v Education Mgt. Fin. Corp., 846 F3d 1, 3 [2d Cir 2017]). Here, the strict foreclosure and debt equity restructuring did not amend the core payment terms in violation of section 6.07 of the Indenture, even if it had a "similar effect" (see Beal Sav. Bank v Sommer, 8 NY3d 318, 330 [2007]). Furthermore, the record shows that plaintiffs received and accepted the resulting equity from the debt restructuring.
We have considered plaintiffs' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 26, 2018
CLERK